IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HELARDO N. JUAREZ,

    Plaintiff,

vs.                                                                      Civ. No. 00-0447 JP/RLP

ELKHORN OPERATING CO., INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 4, 2000, the Plaintiff filed a Motion to Dismiss Counterclaim or, Alternatively, to Strike the Counterclaim in Part (Doc. No. 8). After a careful review of the briefs and the relevant law, I have determined that the Plaintiff's motion to dismiss the counterclaim is well-taken and should be granted.

I. Background

The Plaintiff's lawsuit alleges employment discrimination based on national origin and race. The Defendant's counterclaim alleges breach of a settlement agreement it believes was entered into by the parties subsequent to the filing of this lawsuit.[1] The Plaintiff argues that the counterclaim is subject to dismissal for the following reasons: 1) the Defendant inadequately pled jurisdiction under Fed. R. Civ. P. 8(a)(1); 2) the counterclaim is permissive, not compulsory, *see* Fed. R. Civ. P. 13(a) and (b); and 3) the Defendant failed to provide an independent basis for federal jurisdiction. In the alternative, the Plaintiff argues that the counterclaim's reference to a monetary offer should be stricken under Fed. R. Evid. 408.

---

[1] Normally, a party asserting that all claims in a lawsuit had been settled would proceed by filing a motion to enforce the alleged settlement agreement.

II. Standard for a Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III. Discussion

The legal analysis of a motion like this begins with the issue of whether an independent jurisdictional ground is needed to support the counterclaim. Wright & Miller, *Federal Practice and Procedure: Civil 2d §1207* at 99. The resolution of this issue depends on whether the counterclaim is compulsory or permissive. A compulsory counterclaim rests upon the court's ancillary jurisdiction derived from the original lawsuit while a permissive counterclaim must rest upon an independent ground of federal jurisdiction. *Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974)(quoting *Inter-State Nat. Bank of Kansas City v. Luther*, 221 F.2d 382, 390 (10th Cir. 1955), *cert. dismissed*, 350 U.S. 944 (1956)). If the counterclaim is permissive, then the court must decide if the defendant adequately pled jurisdiction for the counterclaim as he or she would for an initial claim in a complaint. *See* Wright & Miller, *Federal Practice and Procedure: Civil 2d §1207* at 99.

A. Whether the Counterclaim is Compulsory or Permissive.

A counterclaim is compulsory under Rule13(a) "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." A counterclaim "not

arising out of the transaction or occurrence that is the subject matter of the opposing party's claim" is permissive, Rule13(b).  A counterclaim is compulsory if: 1) the issues of fact and law raised by the claim and counterclaim are largely the same; 2) *res judicata* would bar a subsequent suit on defendant's counterclaim; 3) substantially the same evidence supports or refutes plaintiff's claims as well as defendant's counterclaim; and 4) there is a logical relation between the claim and the counterclaim.  *Pipeliners Local Union No. 798*, 503 F.2d at 1198.  The "logical relation" factor is the most controlling.  *Id*. at 1199 (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)).

In this case, the issues of fact and law raised by the employment discrimination suit and the breach of settlement agreement counterclaim are not the same.  Moreover, a judgment on the employment discrimination suit would not bar a subsequent suit for breach of the settlement agreement.  *Res judicata* bars a claim "'when the prior action involved identical claims and the same parties or their privies.'"  *Driver Music Co., Inc. v. Commercial Union Ins. Companies*, 94 F.3d 1428, 1435 (10th Cir. 1996)(quoting *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995)).  Here, the claims of the parties are based on different legal theories and operative facts.  *See id*. at 1435-36.  In addition, resolution of the Plaintiff's claims and the Defendant's counterclaim would not rely on substantially the same evidence.  Finally, the only logical relation between the Plaintiff's employment discrimination case and the counterclaim is that the claims arise out of the employment relationship.  "This relationship, without more, is insufficient to render [the Defendant's] counterclaim compulsory."  *Adamson v. Dataco Derex, Inc.*, 178 F.R.D. 562, 566 (D. Kan. 1998)(citations omitted).  I find that these factors indicate

that the counterclaim is permissive.[2]

    B.  Whether the Counterclaim was Adequately Pled.

Since the Defendant's counterclaim is permissive, the Defendant must adequately plead an independent ground for federal jurisdiction.  Rule 8(a)(1) requires that a litigant set forth in his or her pleading "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."  Rule 8(a)(1) "does not require that a litigant cite the statute section conferring jurisdiction, as long as facts sufficient to invoke the court's jurisdiction are alleged." *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988)(citing *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir. 1986)).

The facts in this counterclaim suggest that only supplemental jurisdiction under 28 U.S.C. §1367(a) could support the claim for breach of contract in federal court.  Section 1367(a) states in relevant part that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In order "[f]or a counterclaim to be 'so related to claims in the action ... that they form part of the same case or

---

[2]The Defendant cites to *Shump v. Balka*, 574 F.2d 1341 (10th Cir. 1978) for the proposition that courts have subject matter jurisdiction over settlements where the settlement arose out of a transaction or occurrence that gave rise to the initial claim. Elkhorn Operation Co. Inc's [sic] Response to Plaintiff's Motion to Dismiss Counterclaim or Alternatively to Strike Counterclaim in Part at 2-3, filed Aug. 4, 2000 (Doc. No. 9).  The *Shump* holding, however, was made "[i]n view of the singular relationship generated by the lease agreement between the rental fees, maintenance fees, and setoffs for repairs occasioned by damages to the leased premises...." 574 F.2d at 1347.  Furthermore, a counterclaim alleging a setoff which is asserted defensively does not need independent jurisdiction although it is considered a permissive counterclaim. *Wigglesworth v. Teamsters Local Union No. 592*, 68 F.R.D. 609, 612-13 (E.D. Va. 1975)(citations omitted).  The Defendant's counterclaim does not allege a defensive setoff.

controversy,' and therefore fall within the Court's supplemental jurisdiction, it must be a compulsory rather than a permissive counterclaim." *Naranjo v. County of Rio Arriba, State of New Mexico*, 862 F.Supp. 328, 334 (D.N.M. 1994)(citations omitted).  *See, e.g., Oak Park Trust and Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000).  Because the counterclaim in this instance is permissive, supplemental jurisdiction is unavailable to support it.  Without an independent ground of jurisdiction, the counterclaim is subject to dismissal.  The Plaintiffs' alternative motion to strike a portion of the counterclaim is, therefore, moot.

IT IS ORDERED that Plaintiff's Motion to Dismiss Counterclaim or, Alternatively, to Strike the Counterclaim in Part (Doc. No. 8) is granted.

IT IS FURTHER ORDERED that the Defendant's counterclaim is dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Molly B. McIntosh<br>Albuquerque, New Mexico |
| | David T. Lopez<br>Houston, Texas |
| Counsel for Defendant: | Nicholas J. Noeding and Anne M. Turner<br>Noeding & Moody, P.C.<br>Albuquerque, New Mexico |
| | David B. McKinney<br>Boesche, McDermott & Eskridge, L.L.P.<br>Tulsa, Oklahoma |