# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HILARDO N. JUAREZ,

    Plaintiff,

v.                                No. CIV 00-0447 WJ/WWD

ELKHORN OPERATING, INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER
### ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

    THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Entry of Judgment [Docket No. 100] and Plaintiff's Supplementation of Attorney's Fee Application [Docket No. 124].

**BACKGROUND**

    This case was tried to a jury on July 22, through July 24, 2002. The issues submitted to the jury were liability and compensatory damages. Because backpay, frontpay and reinstatement are equitable remedies under Title VII, the Court did not submit these issues to the jury.

    The jury returned a verdict for the Plaintiff in the amount of $75,000. On September 6, 2002, Plaintiff submitted a motion for entry of judgment that included legal argument and authority for the issues of backpay, frontpay and reinstatement [Docket No. 100]. The motion also included an application for attorney's fees and accompanying exhibits.

    The parties attended a settlement conference on October 28, 2002. Parties were able to settle all issues in the case with the exception of the issue of attorneys' fees. Parties do not

1

dispute that Plaintiff is the prevailing party in this litigation and is entitled to an award of attorneys' fees under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.  Parties diverge on the calculation of a reasonable fee and reasonable non-taxable costs.

**DISCUSSION**

I.   REASONABLE ATTORNEY'S FEE

When determining a reasonable award of attorney's fees, a court must first calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate.  United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219 (10th Cir. 2000).  A judge should approach the issue of reasonableness much as a senior partner in a law firm would review the billing of subordinate attorneys.  Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).  District courts must articulate specific reasons for fee awards to give the Tenth Circuit an adequate basis for review in the event an award is appealed.  Ramos v. Lamm, 713 F.3d 546, 552 (10th Cir. 1983) overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987).

   A.   Reasonable Hourly Rate

In setting the hourly rate, a court should establish a billing rate based on the norm for lawyers of comparable skill and performance in private practice in the area in which the court sits calculated as of the time the court awards the fee.  Ramos, 713 F.3d at 555.  Plaintiff's counsel, Mr. David T. Lopez, is requesting $350 an hour for his own time and $150 an hour for the time of his third-year associate Mr. Yokus.  Defendant argues that this is not a reasonable hourly rate.

Mr. Lopez has an impressive resume and is no doubt an attorney of extraordinary skill.  However, this Court is not aware of any attorney in private practice in Albuquerque or

Southeastern New Mexico who normally bills his or her time at a rate of $350 an hour in Title VII cases. This Court has examined fee awards in cases involving some of the most experienced attorneys in New Mexico. On March 7, 2002, Chief United States District Judge James A. Parker awarded local attorney Maureen Sanders a fee based on an hourly rate of $225 in case number CIV-01-358 JP/RLP. On July 12, 2002, United States District Judge Bruce D. Black awarded local attorney Phil Davis a fee based on an hourly rate of $225 in case number CIV-00-1679 BB/LFG. Plaintiff's counsel has provided this Court with no evidence that the norm for lawyers of comparable skill and performance in private practice in this geographical area comes to anything close to $350 an hour. Accordingly, I find that a reasonable hourly rate for Mr. Lopez is $225.

Mr. Lopez provided no evidence to this Court regarding a reasonable hourly rate for a third-year associate in this geographical area. The only comparison the Court has at this time is the hourly rate charged by defense counsel Anne Marie Turner. Ms. Turner is a seven-year associate. At the inception of her involvement in this case, she was charging her client $115 per hour. At the close of the case, she was charging $140 per hour. Ms. Turner acted as lead counsel in this case and took the case to trial. Mr. Yokus, on the other hand, expended 100.1 hours on this case. I find that $115 is a reasonable hourly rate for a third-year associate in this geographical area.

     B.     <u>Reasonable Hours Expended</u>

In determining reasonable hours expended, a court should examine the total number of hours reported by each lawyer, question reported time in excess of the norm, determine the reasonableness of hours allotted to specific tasks, and determine any potential duplication of

services. Ramos v. Lamm, 713 F.3d 546. Prevailing parties who seek attorney's fees must keep meticulous, contemporaneous time records. Id., at 553. Block billing or lumping tasks, however, is not per se forbidden. Cadena v. Pacesetter, Corp., 224 F.3d 1203 (10th Cir. 2000). A court may discount an attorney's requested hours if the time records are sloppy or imprecise. Jane L. v. Bangerter, 61 F.3d 1505 (10th Cir. 1995).

Mr. Lopez is requesting payment for his time of 652.3 hours from 11/9/98 through preparation of the motion for judgment on 8/8/02, 68 hours from 8/6/02 through 9/5/02, and 75.4 hours from 9/6/02 through 11/23/02 for a total of 795.7 hours. Mr. Lopez is requesting payment for Mr. Yokus' time of 100.1 hours. Defendant lodges multiple objections to the requested hours to reach an overall conclusion that Mr. Lopez' requested hours are unreasonable. I find that, generally, Mr. Lopez' requested hours are reasonable with a few adjustments.

First, I have compared Mr. Lopez' time records with those of Defendant's counsel. Defendant was billed for a total of 1296.75 hours of attorney time. Plaintiff's counsel, for the same time period, only expended 752.4[1] hours. This indicates that Plaintiff's requested hours are reasonable. See Tobin v. Haverford Sch., 936 F.Supp. 284 (E.D. Penn. 1996); Murray v. Stuckey's Inc., 153 F.R.D. 151 (N.D. Iowa 1993). Additionally, I have reviewed Plaintiff's counsel's time records and find they are generally acceptable and reflect hours reasonably expended in this case.

I do find that it is not reasonable for Mr. Lopez to bill attorney hours for his time spent being admitted to the New Mexico federal bar. This accounts for .9 of the hours billed by Mr.

---

[1]Plaintiff's counsel has since expended more than a hundred additional hours. The Court has no information on the additional hours expended by Defendant's counsel, but does not believe the information is necessary.

Lopez.  Also, I have reviewed the original time sheets submitted as Exhibit 3, those submitted as Exhibit 9, and those submitted as Exhibit 16.  I find that the first three entries of Exhibit 9 are duplicative of entries in Exhibit 16 and will not be allowed.  This accounts for 7.6 hours of Mr. Lopez' time.  Thus, of the 795.7 requested hours, I will allow 787.2 hours.

I have reviewed the time records for Mr. Yokus, and find that they are reasonable.  Thus, I will allow 100.1 hours for Mr. Yokus' time.

      C.         Enhancement

Mr. Lopez requests an enhancement of the fee.  He requests 10% for exceptional results and 10% for delay in payment.  There is a presumption that the lodestar amount represents a reasonable fee.  Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1976).  However, after determining the lodestar, the Court should consider whether to adjust the lodestar up or down.  The lodestar amount may be enhanced when payment is received long after the services are rendered.  Missouri v. Jenkins, 491 U.S. 274 (1989).  The lodestar may also be enhanced when a plaintiff obtains exceptional success in litigation resulting from an attorney's skill and expertise out of the ordinary.  Clayton v. Thurman, 775 F.2d 1096 (10th Cir. 1985).

Plaintiff contends that he obtained an exceptional result for his client because the amount of the jury award was in excess of any of the amounts discussed between the parties in earlier settlement negotiations.  I find that this does not constitute an exceptional result.  Plaintiff's assertion that he is entitled to enhancement based on the delay in payment is based on his representation that he has not increased his hourly fee in three years.  This Court's award of an hourly rate that is the current prevailing norm rather than the norm over the last three years adequately compensates Mr. Lopez for his delayed payment.  Plaintiff has not overcome the

5

presumption that the lodestar represents the reasonable fee.  Thus, I will deny Plaintiff's request for enhancement.

### D.       Fee Request for Local Counsel

Mr. Lopez requests $663 dollars he paid to local counsel.  Mr. Lopez' exhibit with regard to this expenditure lists the dates and amounts local counsel was paid.  However, no time records for local counsel were submitted, and there is no indication of the tasks local counsel performed.  Therefore, I will not allow this amount to be recovered.

## II.     EXPENSES

Expenses not taxable in accordance with 28 U.S.C. § 1920 that are normally itemized and billed in addition to the hourly rate should be included in fee allowances if reasonable in amount. Case v. Unified School Dist. No. 233, Johnson County Kan., 157 F.3d 1243, 1257 (10th Cir. 1998); Ramos, 713 F.2d at 559.

### A.       Travel Expenses

Generally, because there is no need to employ counsel from outside the area in most cases, travel expenses for out-of-town counsel between their offices and the city in which the litigation is conducted should not reimbursed except in unusual cases.  Ramos, 713 F.2d at 558.  However, in a rural state such as New Mexico,  parties who are not themselves located in a metropolitan area often employ counsel from outside their living area.  Defendant, a plant in Southeastern New Mexico, employed counsel from Albuquerque and was billed for travel expenses.   Therefore, it was reasonable for Plaintiff to employ counsel from outside Southeastern New Mexico, and reasonable travel expenses should be reimbursed.  Plaintiff's counsel requests $3189.33 for air travel, hotels, parking, car rentals, and two meals during trial.   I do not find Plaintiff's counsel's

request for $3,189.33 representing air travel, hotel, parking, car rental and meal expenses to be unreasonable and will therefore allow such travel expenses.

      B.      <u>Mediation Fee</u>

Plaintiff and Defendant attended a mediation in Dallas, Texas on June 2, 2000. Plaintiff's counsel paid a mediation fee of $950. This is not a taxable cost under 28 U.S.C. § 1920 and is certainly an expense that an attorney would normally bill to a client in addition to the attorney's hourly rate. This is a reasonable expense.

      C.      <u>Copies, Telecopies, Mail and Delivery Services, and Postage</u>

Plaintiff requests reimbursement for $1747.44 in expenses for copies, and Federal Express delivery. These are expenses normally itemized and billed in addition to an attorney's hourly rate as evidenced by the fact that Defendant's counsel billed Defendant $2550.88 for telecopies, photocopies, postage, Federal Express and other delivery services. I find that Plaintiff's counsel's expenditures in this area were reasonable, and the full amount will be allowed.

      D.      <u>Legal Database Research</u>

Plaintiff requests reimbursement for $2539.17 in expenses for Westlaw research from January 1999 through July 2002. He requests an additional $542.72 for August 2002, presumably for research on equitable damages and attorney's fees. The Tenth Circuit has affirmed an award of attorneys' fees that included the expense of computerized legal research. <u>See</u> <u>Case v. Unified Sch. Dist. No. 233</u>, 157 F.3d 1243, 1258 (10th Cir. 1998). Such expenses are normally itemized and billed to clients in addition to the hourly rate as evidenced by the fact that Defendant's counsel billed these expenses to Defendant.

Mr. Lopez may be fairly characterized as a specialist in the field of employment law. As such, his judgment with regard to the research reasonably necessary to bring a claim deserves some deference. It should be noted that the amount he requests for the period of time from the inception of the case through trial is not substantially more than the $2116.78 Defendant paid its two law firms for research during the same time period.

On the other hand, part of the expense of Mr. Lopez' research was certainly attributable his lack of familiarity with Tenth Circuit precedent. Mr. Lopez was required, as a matter of professional ethics, to provide fully competent legal representation to his client by familiarizing himself with Tenth Circuit cases affecting his client's claims. I will discount this "learning curve" from Mr. Lopez' requested research expenses by a 20% reduction.

Additionally, I will not allow Mr. Lopez to recover his research costs following trial. To the extent his post-trial motion for judgment dealt with issues of equitable relief, Mr. Lopez had researched these issues prior to trial. The fact that Mr. Lopez had adequately researched these issues is evidenced by his submission of proposed jury instructions on frontpay and backpay and his retraction of his jury instruction on frontpay because Tenth Circuit case law holds that frontpay is an equitable remedy. Additionally, the Court assumes that Mr. Lopez would research the issues of damages and equitable relief prior to bringing his claims to trial. To the extent Mr. Lopez' post-trial motion for damages dealt with issues on attorneys' fees, I found nothing in the briefing on that issue that would have required more than minimal research. Thus, Mr. Lopez may recover $2031.34 for legal database research.

E.   Long-Distance Charges

Mr. Lopez requests a total of $908.63 for long distance charges. Despite Defendant's contention that long distance telephone charges are not normally billed to clients and are normally absorbed as part of a firms' overhead, Defendant's counsel billed Defendant for long distance charges. I find that long distance telephone calls are normally itemized and billed to clients in addition to the hourly rate. Mr. Lopez' long distance logs are sufficiently detailed to show the reasonableness of these charges. Thus, Mr. Lopez may recover the full amount requested for long distance charges.

F.   Miscellaneous Charges

Mr. Lopez requests reimbursement for three miscellaneous charges. Two of the items are for meals and were accounted for in travel expenses. The last item is for $82.30 for "supplies for trial in New Mexico." The Court cannot discern from this description what Mr. Lopez purchased. Thus, the Court cannot determine whether these are expenses that are normally itemized and billed to a client in addition to the hourly rate or whether these are expenses normally absorbed into a firm's overhead. For this reason, this expense will not be allowed.

G.   Mr. Juarez' Expenses

Mr. Lopez finally requests reimbursement on behalf of his client Mr. Juarez for the expenses incurred by Mr. Juarez. One of the items of expense is for a Federal Express delivery, and the others are for Mr. Juarez' travel related to this case. This Court is aware of no precedent for an award as attorneys' fees the attorney's client's expenses. Certainly, these are not expenses that an attorney normally itemizes and bills his client. These expenses are not recoverable and will not be allowed.

9

**RECAPITULATION**

I will award Mr. Lopez's application for attorney's fees as follows:

Attorneys' Fees:

| | |
|---|---:|
| Mr. Lopez' time 787.2 hours @ $225 per hour | $177,120.00 |
| Mr. Yokus time 100.1 hours @ $115 per hour | 12,512.50 |
| Travel Expenses | 3,189.33 |
| Mediation Fee | 950.00 |
| Copies, Telecopies, Mail and Delivery, and Postage | 1747.44 |
| Legal Database Research | 2031.34 |
| Long Distance Charges | <u>908.63</u> |
| **TOTAL:** | **$197,458.24** |

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's counsel's request for attorneys' fees as stated in Plaintiff's Motion for Entry of Judgment [Docket No. 100] and Plaintiff's Supplementation of Attorney's Fee Application [Docket No. 124] is hereby GRANTED in the amount of $197,458.24.

_____
UNITED STATES DISTRICT JUDGE